Steven M. Kaplan (SK 6909)
Scott A. Ziluck (SZ 4826)
KAPLAN & LEVENSON P.C.
Attorneys for Defendants
630 Third Avenue
New York, New York
(212) 983-6900



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY MAURO, a shareholder, of Merchants
Advantage Corporation, Suing In Right of Merchants
Advantage Corporation,

Case No.: 08 CV 2151 (SCR)(MDF)

Plaintiff,

**ANSWER**

- against -

STERLING NATIONAL BANK, a/k/a STERLING
FINANCIAL SERVICES, a/k/a STERLING BANK
CORP., JOHN GALLO and ARUN PATEL,

Defendants.
-----------------------------------------------------------------X

    Defendants Sterling National Bank ("Sterling"), John Gallo and Arun Patel, for their answer to the complaint state as follows:

    1.    Deny the allegations of paragraph 1 of the complaint except admit that Sterling is a New York corporation.

    2.    The allegations of paragraph 2 of the complaint purport to summarize the terms, conditions and/or obligations of a document(s) and on that basis they are denied, along with all other allegations of the paragraph.

    3.    Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the complaint and on that basis deny same.

or accuracy of the allegations contained in paragraph 15 of the complaint and on that basis deny same.

13. Deny the allegations contained in paragraph 13 of the complaint.

14. Deny the allegations contained in paragraph 14 of the complaint.

15. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 15 of the complaint and on that basis deny same.

16. Deny the allegations contained in paragraph 16 of the complaint.

17. Deny the allegations contained in paragraph 17 of the complaint.

18. Deny the allegations contained in paragraph 18 of the complaint.

19. The allegations of paragraph 19 of the complaint purport to summarize the terms, conditions and/or obligations of a document(s) and on that basis they are denied, along with all other allegations of the paragraph, except admit that Sterling entered into a written participation agreement with Advantage Capital Group ("ACG"), the terms of which speaks for itself.

20. Deny the allegations contained in paragraph 20 of the complaint.

21. Deny the allegations contained in paragraph 21 of the complaint, except admit that ACG invested $1,900,000 pursuant to the participation agreement it entered into with Sterling.

22. Deny the allegations contained in paragraph 22 of the complaint.

23. Deny the allegations contained in paragraph 23 of the complaint.

24. Deny the allegations contained in paragraph 24 of the complaint.

25. Deny the allegations contained in paragraph 25 of the complaint.

26. Deny the allegations contained in paragraph 26 of the complaint.

27. Deny the allegations contained in paragraph 27 of the complaint.

28. Deny the allegations contained in paragraph 28 of the complaint.

29. Deny the allegations contained in paragraph 29 of the complaint.

30. Deny the allegations contained in paragraph 30 of the complaint.

31. Deny the allegations contained in paragraph 31 of the complaint.

32. Deny the allegations contained in paragraph 32 of the complaint.

33. Deny the allegations contained in paragraph 33 of the complaint.

34. Deny the allegations contained in paragraph 34 of the complaint.

35. Deny the allegations contained in paragraph 35 of the complaint.

36. Deny the allegations contained in paragraph 36 of the complaint.

37. Deny the allegations contained in paragraph 37 of the complaint.

38. With respect to the allegations contained in paragraph 38 of the complaint, defendants repeat their responses to paragraphs 1-37 herein.

39. Deny the allegations contained in paragraph 39 of the complaint.

40. Deny the allegations contained in paragraph 40 of the complaint.

41. Deny the allegations contained in paragraph 41 of the complaint.

42. With respect to the allegations contained in paragraph 42 of the complaint, defendants repeat their responses to paragraphs 1-41 herein.

43. Deny the allegations contained in paragraph 43 of the complaint.

44. Deny the allegations contained in paragraph 44 of the complaint.

45. With respect to the allegations contained in paragraph 45 (the complaint contains two paragraphs numbered "45". This response relates to the first paragraph 45) of the complaint, defendants repeat their responses to paragraphs 1-44 herein.

46. Deny the allegations contained in paragraph 45 (the complaint contains two paragraphs numbered "45". This response relates to the second paragraph 45) of the complaint.

47. Deny the allegations contained in paragraph 46 of the complaint.

48. With respect to the allegations contained in paragraph 47 of the complaint, defendants repeat their responses to paragraphs 1-46 herein.

49. Deny the allegations contained in paragraph 48 of the complaint.

50. Deny the allegations contained in paragraph 49 of the complaint.

51. Deny the allegations contained in paragraph 50 of the complaint.

52. Deny the allegations contained in paragraph 51 of the complaint.

53. Deny the allegations contained in paragraph 52 of the complaint.

54. Deny the allegations contained in paragraph 53 of the complaint.

55. The allegations set forth in paragraph 54 of the complaint contain plaintiff's prayer for relief, not factual allegations, to which no response is required. To the extent a response is deemed required, defendants deny the allegations and that plaintiff is entitled to the damages and other relief he seeks.

## AFFIRMATIVE DEFENSES

56. The complaint fails to state a cause of action upon which relief can be granted.

57. The claims are barred, in whole or in part, by the doctrine of unclean hands.

58. The claims are barred, in whole or in part, by the doctrine of laches.

59. The claims are barred, in whole or in part, by the doctrine of waiver.

60. The claims are barred, in whole or in part, by MAC's breach of the loan agreement it entered into with Sterling.

61. The claims are barred, in whole or in part, by the doctrine of estoppel.

62. The claims are barred, in whole or in part, by the applicable statute(s) of limitations.

63. The claims are barred, in whole or in part, because the plaintiff has not suffered any compensable damages.

64. The claims are barred, in whole or in part, by the statute of frauds.

65. The claims are barred by lack of standing.

WHEREFORE, defendants respectfully request judgment dismissing the complaint with prejudice, the costs and expenses of this action, together with such other and further relief as to the Court deems just and proper.

Dated: New York, NY
       March 5, 2008

                    KAPLAN & LEVENSON P.C.
                    Attorneys for Defendants
                    630 Third Avenue
                    New York, NY 10017
                    212.983.6900

By: _____
     Scott A. Ziluck (SZ-4826)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER: COMMERCIAL PART
-------------------------------------------------------------------------X
ANTHONY MAURO, a shareholder, of Merchants
Advantage Corporation, Suing In Right of Merchants
Advantage Corporation,

                                 Plaintiff,                        Index No. 09567/07

      - against -                                          **AFFIDAVIT OF SERVICE**

STERLING NATIONAL BANK, a/k/a STERLING
FINANCIAL SERVICES, a/k/a STERLING BANK
CORP., JOHN GALLO and ARUN PATEL,

                                Defendants.
-------------------------------------------------------------------------X

       YVETTE COLON-O'SHEA, being duly sworn, deposes and says:

       1.       I am not a party to this action, am over 18 years of age, and reside in Bronx, New York.

       2.       On March 5, 2008, a true and correct copy of Defendant's Answer dated March 5, 2008 were served in the above-captioned matter upon:

       Mario Biaggi, Jr.
       Biaggi & Biaggi, Esqs.
       220 Fifth Avenue, Suite 1702
       New York, New York 10001

via First Class Mail by placing true copies in a postpaid, properly addressed sealed wrapper and deposited same in a depository under the exclusive care and custody of the United States Postal Service.

                                                      _____
                                                      YVETTE COLON-O'SHEA

Sworn to before me this
5th day of March, 2008

_____
Notary Public
MARIE REGINE VERNA
Notary Public, State of New York
No. 01VE5087507
Qualified in Kings County
My Commission Expires 11/03/09

{00090605.1 \ 1013-017}