UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY MAURO, A SHAREHOLDER, OF
MERCHANTS ADVANTAGE CORPORATION,
SUING IN THE RIGHT OF MERCHANTS
ADVANTAGE CORPORATION,

                                  Plaintiff(s),           Case No.: 08 CV 2157

       -against-                         NOTICE OF MOTION
                                                   TO REMAND

STERLING NATIONAL BANK, a/k/a STERLING
FINANCIAL SERVICES, a/k/a STERLING BANK
CORP., JOHN GALLO AND ARUN PATEL,

                                 Defendant(s).
-------------------------------------------------------------------X

To:    Kaplan & Levenson
        Attorneys for Defendants
        630 Third Avenue
        New York, New York 10017

      PLEASE TAKE NOTICE, that plaintiffs will bring the foregoing motion to

remand pursuant to 28 U.S.C. 1441 et. seq. for hearing on the 10th day of April

2008 at the United States Courthouse located at 500 Pearl Street, New York, New

York 10007 or as soon thereafter as counsel can be heard.

Dated: New York, New York
       March 18, 2008

                                        Biaggi & Biaggi, Esqs.
                                        By: Mario Biaggi Jr. (2284)
                                        Attorney for Plaintiff(s)
                                        220 Fifth Avenue – Suite 1702
                                        New York, New York 10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY MAURO, A SHAREHOLDER, OF
MERCHANTS ADVANTAGE CORPORATION,
SUING IN THE RIGHT OF MERCHANTS
ADVANTAGE CORPORATION,

                              Plaintiff(s),           Case No.: 08 CV 2157

         -against-                    MOTION TO REMAND

STERLING NATIONAL BANK, a/k/a STERLING
FINANCIAL SERVICES, a/k/a STERLING BANK
CORP., JOHN GALLO AND ARUN PATEL,

                             Defendant (s).
------------------------------------------------------------------X

I, Mario Biaggi Jr., counsel for the above named plaintiff in the above

captioned action hereby affirms as follows:

    1.     That the petitioners John Gallo and Arun Patel have filed a notice of

removal pursuant to 28 U.S.C. 1447 to remove the above action from the Supreme

Court of the State of New York, County of Westchester, the Court in which

plaintiff originally commenced this action.

    2.     The plaintiff will move this Court to enter an order remanding the

above entitled action to the Supreme Court of the State of New York for the

reasons that the petitioners were not served with process at the time their notice to

removal was filed with this Court and that the time for defendant Sterling to file a

notice of removal has extended beyond the thirty day period of limitation set forth

in 28 U.S.C. 1446(b) and for all other reasons set forth in plaintiff's accompanying

memorandum of law.

Dated: New York, New York
      March 18, 2008

Biaggi & Biaggi, Esqs.
By: Mario Biaggi Jr. (2284)
Attorney for Plaintiff(s)
220 Fifth Avenue – Suite 1702
New York, New York 10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY MAURO, A SHAREHOLDER, OF
MERCHANTS ADVANTAGE CORPORATION,
SUING IN THE RIGHT OF MERCHANTS
ADVANTAGE CORPORATION,

<table>
<tr><td>Plaintiff(s),</td><td>Case No.: 08 CV 2157</td></tr>
</table>

    -against-

STERLING NATIONAL BANK, a/k/a STERLING
FINANCIAL SERVICES, a/k/a STERLING BANK
CORP., JOHN GALLO AND ARUN PATEL,

                    Defendant(s).
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO REMAND

BIAGGI & BIAGGI, ESQS.
BY: MARIO BIAGGI JR., ESQ.
220 FIFTH AVENUE
NEW YORK, NEW YORK 10001

## STATEMENT OF FACT

On May 25, 2007, Anthony Mauro ("Mauro"), a shareholder of Merchants Advantage Corporation served in New York State Supreme Court a summons and complaint on defendant, Sterling National Bank ("Sterling"). Plaintiff served only defendant Sterling and not the other two named defendants John Gallo ("Gallo") and Arun Patel ("Patel"). Approximately nine months passed during which Sterling failed to answer plaintiff's summons and complaint. As a result, plaintiff filed a motion for default judgment. Exhibit A.

That motion contained a summons and complaint as well as affidavits of service on the defendant Sterling only including, a signed receipt by an authorized representative of Sterling indicating that he was accepting service on Sterling's behalf alone. Id.

At no point from the initiation of the lawsuit on May 25, 2007 up to and including petitioners Gallo and Patel's notice of removal, dated March 4, 2008, were Gallo or Patel served with process. This fact is confirmed not only by the papers submitted in support of Mauro's motion for default, which indicate that service was effectuated on Sterling only, Exhibit A, but was also acknowledged in paragraph 6 of petitioner's March 4, 2008 notice of removal. In that paragraph petitioner's counsel, Scott Ziluck of the law firm of Kaplan and Levenson,

expressly stated that as of March 4th "petitioners had not yet been served with process". See Petitioner's Notice of Removal, para.6.

On March 7, 2008, after receipt of petitioners' notice of removal, the undersigned contacted Mr. Scott Ziluck and advised him both orally and by email that his petition was untimely because his clients had not been served and therefore was jurisdictionally defective. Exhibit B. As a fallback, the undersigned informed Mr. Ziluck that Sterling's failure to remove the case from state court within 30 days of its receipt of the complaint precluded Gallo and Patel from seeking removal of the action to federal court even if they had been served.

After the undersigned communicated this to Mr. Ziluck on March 7th, Mr. Ziluck unfortunately, and quite disturbingly, engaged in a fraudulent attempt to remedy the procedural defect created by the lack of personal service on Gallo and Patel by creating an acknowledgement of service and backdating it to a point in time before the March 4th notice of removal.

On March 10, 2008, the undersigned received an envelope from Mr. Ziluck with a stamp date of March 7th, 2008. Exhibit C. Inside this March 7th envelope was an acknowledgement of service, dated Saturday, March 1, 2008. Exhibit D. This backdated and fraudulent acknowledgement was provided in response to the undersigned's March 7th email to and conversation with Mr. Ziluck in which the undersigned advised Mr. Ziluck that the notice of removal was procedurally

defective.  As noted, Mr. Ziluck swore under oath in the notice of removal that as

of March 4, 2008, the date of the notice, petitioners Gallo and Patel had not been

served with process. Petitioner's Notice of Removal, para 6.

Had the acknowledgement in fact been signed by Mr. Ziluck on March 1st,

Mr. Ziluck would not have represented in the March 4, 2008 notice of removal that

petitioners had not received service. The reason he swore under oath that

petitioners had not been served was because the acknowledgement of service had

not yet even been prepared let alone signed.  Clearly, Mr. Ziluck would never have

made that representation if in fact he had acknowledged service of the summons

and complaint as of March 1st.

Moreover, the date the envelope is stamped is March 7th .  Exhibit C.

Kaplan & Levenson submitted an acknowledgement of service immediately after

being notified on March 7th that their papers were defective because petitioners had

not been served. It is highly suspect that they would acknowledge service on

March 1st, a Saturday, and not have mailed it until the following Friday, March 7th

immediately after being notified by the undersigned that the notice of removal was

defective.

Petitioner's counsel has acknowledged service of a summons and complaint

which was never served on petitioners' counsel but only received by petitioner's

counsel because it was an exhibit to Mauro's motion for default judgement against

Sterling in the state court proceeding. Mr. Ziluck has asked the undersigned to file the acknowledgement of service in court. Exhibit E. The undersigned has not done so and believes he should not do so because service has never been effectuated on the moving defendants and because filing the acknowledgement would be assisting in a fraud on this court.

Subsequent to the receipt of the acknowledgement of service, the undersigned requested that petitioners immediately withdraw their notice of removal or be subject to a request for sanctions and an award of costs incurred in connection with the bringing of the instant motion to remand. Exhibit F.

Petitioner's counsel responded that the case law did not require service of process before a notice of removal could be initiated. So Stated Mr. Ziluck:

> §28 U.S.C. 1446(b) provides that a notice of removal is to be filed within thirty (30) days after receipt by the defendant "through service or otherwise." In other words, **a defendant does not have to be served in order to file a notice of removal**. On or about February 25, 2008, you sent me a copy of the summons and complaint. Thus, as of that date, Messrs. Patel and Gallo had the right to remove, irrespective of whether service was ever completed on them. Had you understood this, you would understand that I would have no reason to "backdate" the acknowledgement of service as you have scurrilously alleged. Indeed, I did not backdate anything... Exhibit G.

The summons and complaint alluded to by Mr. Ziluck was actually the summons and complaint attached as an exhibit to Mauro's state court motion for default

against defendant Sterling. Exhibit A. Moreover, as discussed below, counsel's response that service of process was not required, and that therefore there was no reason to fabricate the acknowledgement of service, clearly contradicts the United States Supreme Court precedent on the issue as noted below.

DISCUSSION

Section 1446(b) of Title 28 of the United States Code provides in pertinent part that:

> the notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. 28 USC 1446(b).

In light of congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removablity. Burr ex rel Burr v. Toyota Motor Credit Co., 478 F. Supp 2d 432 (S.D.N.Y. 2006). See also Murphy Brothers v. Michetti, 526 U.S. 344, 119 S.Ct. 1322 (U.S. Sup. Ct. 1999) (holding that when applying Section 1446(b) the court is to construe the thirty day period narrowly, resolving any doubt against removability) and Glatzer v. Handley, citing Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 108-109 (1949) (holding that where there is any doubt as to

whether the requirements have been satisfied for removal the case should be remanded).

Moreover, the parties seeking removal have the burden of establishing that the removal is proper. Barnhart v. Federated Department Stores, Inc, 2005 WL 549712 (S.D.N.Y. 2005). See also Burr, supra at 436 (holding that the party asserting removal bears the burden of proving that jurisdictional and procedural criteria have been met).

A notice of removal must be filed "within thirty days after receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief..." 28 U.S.C. 1446(b); See also Murphy Brothers Inc. v. Michetti Pipe Stringing Inc, 526 U.S.344-348-49 (1999). The United States Supreme Court in Murphy, supra at 354, held that the phrase "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" was not intended to replace the traditional requirement of service of process. The court reasoned that one becomes a party officially and, is required to take action in that capacity, only upon service of a summons or other authority asserting measure stating the time within which the party served must appear and defend. Id. at 350.

Petitioners' statement in paragraph 6 of its notice of removal, that it had not received process, is fatal to its petition as this court does not have jurisdiction to grant petitioners' request. In addition, and what is most troubling for the

undersigned, is that counsel for the petitioner attempted to circumvent its own sworn statement and the well established precedent of <u>Murphy</u> by submitting a fraudulent acknowledgement of service that predated its March 4th notice of removal. Said acknowledgement was prepared in response to the undersigned's warning that the petition was defective. This conduct should not be countenanced by the court and, as discussed below, sanctions and costs should be awarded.

In addition to the procedural defect caused by lack of service, the notice of removal is also defective because where there are multiple defendants, all named defendants over whom state court acquires jurisdiction must join in for the removal to be proper. <u>Burr</u>, supra at 437. It is insufficient for a defendant who has not signed a removal petition to merely advise a removing defendant that it consents to a removal and that the removing defendant may represent such consent to the court on its behalf. <u>Id</u>. That is precisely what was done here. Moreover, failure of any defendant to provide its written consent within the applicable thirty day period renders petition for removal untimely. <u>Id</u>.

The notice for removal is also defective because the great weight of authority that has ruled on the timeliness of a thirty day notice for removal in the context of a proceeding with multiple defendants. Thus, even assuming that the plaintiff could sustained its burden of proof on the jurisdictional issue, a fact Mauro does not concede and is impossible to find on this record, and even

assuming that all defendants properly joined in said petition for removal, the fact that Sterling received its complaint almost a year ago before submitting its notice for removal now precludes the petitioners from seeking such redress from this court.

The majority of courts, including the Fifth Circuit and districts courts in this district, have followed the "first-served defendants" rule. See, e.g., Getty Oil, Div. Of Texas v. In. Co. of North Am, 841 F.2d 478, 481-82 (5th Cir. 1986); Jeffcoat v. American General Life & Acc. Ins. Co., No. CIV a. 01-D325-N, 2001 WL 611196, at *2 (M.D.A.I.) May 16, 2001); Biggs Corp. v. Wilen, 97 F.Supp.2d 1040, 1045 (D.Nev.200); Quinones v. Minority Bus Line Corp., No. 98-CIV. 7167 (WHP), 1999 WL 225540, at *2 (S.D.N.Y. Apr. 19, 1999); Mermelstein v. Maki, 830 F.Supp. 180 183 (S.D.N.Y. 1993). These courts reason that an earlier-served defendant who does not seek removal within thirty days of being served has waived his or her right to do so and is, therefore, precluded from consenting to a later-served defendant's notice of removal. These courts have additionally asserted that the first-served defendant rule is consistent with the courts' interests in preventing defendants from forum shopping and limiting deferral courts' removal jurisdiction. See e.g., Demco, 792 F.2d at 481-82.

Thus, the petitioners' notice for removal should also be denied for the above stated reasons. Mauro's decision not to serve Gallo and Patel can not be corrected

by an acknowledgement of service, fraudulent or otherwise, when there has been no service effectuated in the first instance. And counsel's attempt to do so smacks of bad faith sufficient to warrant the imposition of sanctions and the awarding of costs in connection with the denial of this removal.

This court has discretion to grant an award of costs incurred in connection with removal when removal is denied. <u>General Insurance of America v. Telcom,</u> 1996 WL 389265 (S.D.N.Y. 1996); see also 28 U.S.C. 1447(c). An attorney who applies for court ordered compensation in this court must document application with contemporaneous time records. <u>New York State Association for Retarded Children v. Carey,</u> 711 F.2d 1136, 1148 (2nd Cir. 1993). In that regard the undersigned will submit herein an affirmation of services outlining the worked performed in connection with this motion as part of his reply to petitioners' opposition. In this way, the undersigned can provide a complete accounting of all time spent rather than do it on a piecemeal basis.

For the above stated reasons, petitioner's notice for removal should be denied. The matter should be remanded to state court in accordance therewith and this court should grant Mauro's request for sanctions and award costs in accordance with the undersigned's request.

Dated: New York, New York
     March 18, 2008

Biaggi & Biaggi, Esqs.
By: Mario Biaggi Jr., Esq. (2284)

220 Fifth Avenue
New York, New York 10001
212-233-8000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)

: ss.:

COUNTY OF NEW YORK)

LOUISE GRIGG, being duly sworn, deposes and says that deponent is not a party to this action, is over the 18 years of age and resides at Brooklyn, New York.

That on the 20th day of **March 2008** deponent served the within **Notice of Motion to Remand and Memorandum of Law in Support of Plaintiff's Motion to Remand** upon:

**Kaplan & Levenson
630 Third Avenue
New York, New York 10017**

parties, hereto at the addresses designated by them for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York

LOUISE GRIGG

Sworn to before me this
20th day of **March 2008**

NOTARY PUBLIC

JEFFREY M. GUTFLEISCH
Notary Public, State of New York
No. 31-4938653
Qualified in New York County
Commission Expires July 25, 20..