# EXHIBIT B

## Mario Biaggi

**From:** "Mario Biaggi" <mbiaggi@220law.com>
**To:** "Scott A. Ziluck" <SAZ@kaplev.com>
**Sent:** Friday, March 07, 2008 4:47 PM
**Subject:** Re: Notice of Removal Iinvalidity

Scott - reviewed the law. You should withdraw you federal proceeding as your notice was clearly untimely. Will forward you the citation on Monday. After I forward it and you have had a chance to review, I will ask that you withdraw. if you do not I will file objections and move for sanctions against your client. Have a nice weekend mario

----- Original Message -----
**From:** Scott A. Ziluck
**To:** Mario Biaggi
**Sent:** Friday, March 07, 2008 3:50 PM

I received the attached  a few minutes ago.

K&L    **Scott A. Ziluck Esq.**
Kaplan & Levenson P.C.

(212) 983-6900 Work
saz@kaplev.com

630 Third Avenue, 5th Floor
New York, NY 10017-6705
www.kaplev.com

This message is protected by The Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, et seq. This message may not be opened or forwarded without the consent of the named recipient(s). The information contained in this message is attorney client privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 983-6900. Thank you.
Circular 230 Disclosure:  Pursuant to recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

EXHIBIT C

**KAPLAN & LEVENSON P.C.**

630 THIRD AVENUE
NEW YORK, NEW YORK 10017-6705

★ ★ ★
156
2012 00.410 MAR 07 08
3442 MAILED FROM NEW YORK, NY 10017
PB864902245
UNITED STATES POSTAGE

Mario Biaggi, Jr.
Biaggi & Biaggi, Esqs.
220 Fifth Avenue, Suite 1702
New York, New York 10001

10001177708

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER: COMMERCIAL PART
------------------------------------------------------------------------X

ANTHONY MAURO, a shareholder, of Merchants
Advantage Corporation, Suing In Right of Merchants
Advantage Corporation,

**ACKNOWLEDGMENT**
**OF SERVICE**

                              Plaintiff,

Index No.: 09567/07

       - against -

STERLING NATIONAL BANK, a/k/a STERLING
FINANCIAL SERVICES, a/k/a STERLING BANK
CORP., JOHN GALLO and ARUN PATEL,

                            Defendants.
------------------------------------------------------------------------X

Due personal service of the Summons and Verified Complaint, both dated May 14, 2007,

is hereby accepted and acknowledged on behalf of defendants John Gallo and Arun Patel.


Dated:   New York, NY
         March 1, 2008

                                Scott A. Zluick
                         Attorneys for Defendants
                         630 Third Avenue
                         New York, New York 10017
                         (212)983-6900

EXHIBIT E

## Mario Biaggi

| | |
|---|---|
| **From:** | "Scott A. Ziluck" <SAZ@kaplev.com> |
| **To:** | "Mario Biaggi" <mbiaggi@220law.com> |
| **Sent:** | Tuesday, March 11, 2008 12:30 PM |
| **Subject:** | RE: Mauro |

No. I sent you the original anticipating you would file it since you are the plaintiff and it is your obligation to file proof of service.

**From:** Mario Biaggi [mailto:mbiaggi@220law.com]
**Sent:** Tuesday, March 11, 2008 1:45 PM
**To:** Scott A. Ziluck
**Subject:** Mauro

Scott: Have you filed your March 1, 2008 acknowledgement of service with the court? I have not electronically received a copy of it. Mario

# EXHIBIT F

# Mario Biaggi

| | |
|---|---|
| **From:** | "Mario Biaggi" <mbiaggi@220law.com> |
| **To:** | "Scott A. Ziluck" <SAZ@kaplev.com> |
| **Sent:** | Tuesday, March 11, 2008 3:04 PM |
| **Subject:** | Mauro removal |

Scott: Unfortunately you, and presumably Mr. Katz and Mr. Kaplan have committed a fraud on the Court and violated the Canon of Ethics and Disciplinary rules in one fell swoop. In addition, as promised, I am including the authority which clearly illustrates that your notice of removal is frivolous. If I don't hear from you by close of business Thursday, I will be taking all necessary actions to bring your conduct to light.

   With respect to your fraud, please be advised that your belated attempt to sign an acknowledgement of service and back date the date of the acknowledgement of service so it predated your notice of removal, is not only supported by the date stamped on the outside of your envelope mailed to me after I indicated to you on March 7, 2008 that your papers were defective, but also by your pleadings in which you verified that as of March 4, 2008, the date of your notice, Mr. Gallo and Patel had not yet been served with process (para.6). This directly contradicts the fraudulently dated acknowledgement of service. Clearly, you would have known that they were served if in fact the acknowledgement was genuine and occurred on March 1st. It is quite obvious that your attempt to back date the acknowledgement was a fraud by you and your client to remedy a perceived defect in your notice of removal.

As respects the frivolity of your notice, please look to the commentaries of 28 USC 1446(B), and specifically Mermelstein v. Maki, 830 F.Supp 180 (SDNY 1993) which very clearly holds that "where there are multiple defendants, receipt of the initial pleading by the first defendant who may remove the action starts the 30 day removal period" Once that 30 day period has expired you are not allowed to bring a notice to remove. Your conduct is outrageous and unethical. Your own verified petition asserts that the compalint was filed on May 14, 2007. The proof in my state court motion for default includes a signature from the Bank representative of the summons and complaint as well as two affidavits confirming service on Sterling. The time has passed and as you know, you had no right to bring this notice.

Again, after close of business on Thursday, all appropriate will be taken.

Respectfully submitted
Mario Biaggi Jr.

EXHIBIT G

# Mario Biaggi

**From:** "Scott A. Ziluck" <SAZ@kaplev.com>
**To:** "Mario Biaggi" <mbiaggi@220law.com>
**Sent:** Tuesday, March 11, 2008 3:25 PM
**Attach:** Scott A Ziluck Esq .vcf
**Subject:** RE: Mauro removal

Mario,

§28 U.S.C. 1446(b) provides that a notice of removal is to be filed within thirty (30) days after receipt by the defendant "through service or otherwise." In other words, a defendant does not have to be served in order to file a notice of removal. On or about February 25, 2008, you sent me a copy of the summons and complaint. Thus, as of that date, Messrs. Patel and Gallo had the right to remove, irrespective of whether service was ever completed on them. Had you understood this, you would understand that I would have no reason to "backdate" the acknowledgement of service as you have scurrilously alleged. Indeed, I did not backdate anything and your unfounded allegation that I did is made in your typical irresponsible fashion.

You also rely on Mermelstein v. Maki, a 1993 SDNY case, to argue that because Sterling was allegedly served in May 2007, neither Patel nor Gallo could timely remove the case. Once again, you are incorrect and rely on outdated law. In the Second Circuit, most courts apply what is known as the "last-served defendant rule" – that is that the thirty day period does not begin to run until the last defendant is served. Glatzer v. Hanley, 2007 WL 1334971 (SDNY 2007); Barnhart v. Federated Dep't Stores, 2005 WL 549712 (SDNY 2005). The notice of removal filed by Messrs. Gallo and Patel was timely and proper and will not be withdrawn.

I ask that in the future you avoid making frivolous threats and inaccurate allegations of unethical behavior against me, my firm and my clients and, instead, act in a manner that is more in line with the profession that you have chosen.

Scott

K&L   **Scott A. Ziluck Esq.**
Kaplan & Levenson P.C.

(212) 983-6900 Work
saz@kaplev.com

630 Third Avenue, 5th Floor
New York, NY 10017-6705
www.kaplev.com

This message is protected by The Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, et seq. This message may not be opened or forwarded without the consent of the named recipient(s). The information contained in this message is attorney client privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 983-6900. Thank you.
Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Mario Biaggi [mailto:mbiaggi@220law.com]
**Sent:** Tuesday, March 11, 2008 4:04 PM

urtng the
authority which clearly illustrates that your notice of removal is frivolous. If I don't hear from you by close of
business Thursday, I will be taking all necessary actions to bring your conduct to light.

With respect to your fraud, please be advised that your belated attempt to sign an acknowledgement of service
and back date the date of the acknowledgement of service so it predated your notice of removal, is not only
supported by the date stamped on the outside of your envelope mailed to me after I indicated to you on March 7,
2008 that your papers were defective, but also by your pleadings in which you verified that as of March 4, 2008,
the date of your notice, Mr. Gallo and Patel had not yet been served with process (para.6). This directly
contradicts the fraudulently dated acknowledgement of service. Clearly, you would have known that they were
served if in fact the acknowledgement was genuine and occurred on March 1st. It is quite obvious that your
attempt to back date the acknowledgement was a fraud by you and your client to remedy a perceived defect in
your notice of removal.

As respects the frivolity of your notice, please look to the commentaries of 28 USC 1446(B), and specifically
Mermelstein v. Maki, 830 F.Supp 180 (SDNY 1993) which very clearly holds that "where there are multiple
defendants, receipt of the initial pleading by the first defendant who may remove the action starts the 30 day
removal period" Once that 30 day period has expired you are not allowed to bring a notice to remove. Your
conduct is outrageous and unethical. Your own verified petition asserts that the compalint was filed on May 14,
2007. The proof in my state court motion for default includes a signature from the Bank representative of the
summons and complaint as well as two affidavits confirming service on Sterling. The time has passed and as you
know, you had no right to bring this notice.

Again, after close of business on Thursday, all appropriate will be taken.


Respectfully submitted
Mario Biaggi Jr.